UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ISSAC WILCOX, JR. , | ) | CASE NO. 5:14CV367 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| DONALD M. GALLICK, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Issac Wilcox, Jr. ("plaintiff") filed this *in forma pauperis* action against his former attorney, defendant Donald M. Gallick ("defendant"). Plaintiff seeks unspecified damages, an order finding defendant professionally negligent, and a reopening of his appeal before the Eighth District Court of Appeals.

I. **BACKGROUND**

According to the complaint, plaintiff hired defendant on December 28, 2011 to reopen and file a delayed appeal before the Ohio Eighth District Court of Appeals. After plaintiff paid defendant an initial fee of $1000.00, the parties agreed the remaining $2000.00 balance would be paid by plaintiff's family in $200.00 installments.

In the year that followed, plaintiff claims his fiancé visited and corresponded with defendant on numerous occasions. Plaintiff claims defendant was aware of the time limitations for filing a delayed appeal, but allowed the deadline to pass. Over time, plaintiff grew frustrated with defendant's alleged lack of performance and terminated

his services on December 13, 2012. At that point, plaintiff requested a full refund of the $2400.00 he had paid defendant. Defendant refused the request and purportedly explained that he did not file a motion to reopen because plaintiff failed to provide "new witnesses" to address the mental health of the victim. Plaintiff maintains there was no "clause" in their contractual agreement that mentioned this criterion. Moreover, plaintiff does not believe it was "relevant to [defendant] performing the services which [plaintiff and his family] paid him for." (Doc. No. 1 ["Compl."] at 4.) Plaintiff concludes that defendant's failure to "meet his contracted responsibilities [violated plaintiff's] constitutional right" by rendering his appeal time-barred *Id.*

## II.   STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 94, 30 L. Ed. 2d 652 (1972), the district court is required to dismiss any claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).   For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

## III.   FAILURE TO STATE A CLAIM

Plaintiff does not set forth any basis for this Court's jurisdiction over the complaint. While plaintiff claims his constitutional rights were violated because he could not file a delayed appeal, he does not identify what constitutional right was violated.

To prevail in a civil rights action under 42 U.S.C. § 1983, a plaintiff must plead and prove that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the Constitution and law of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 677, 88 L. Ed. 2d 662 (1986). Section 1983, alone, creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. *Baker v. McCollan*, 443 U.S. 137, 144 n.3, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979). The statute applies only if there is a deprivation of a constitutional right. *See e.g., Paul v. Davis*, 424 U.S. 693, 699-701, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976); *Baker*, 443 U.S. at 146-47. Thus, "[t]he first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws'" of the United States. *Baker*, 443 U.S. at 140.

Plaintiff has not only failed to identify the deprivation of any right secured by the Constitution or federal law, there is no allegation that defendant is a state actor. Section 1983 only provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory. . . ." 42 U.S.C. § 1983. By all accounts, defendant is a private party. A private party's actions only constitute state action under § 1983 where the private entity's actions may be "fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). Plaintiff has not alleged that defendant's actions (or omissions) are in any way attributable to the State.

Finally, even if defendant was negligent, it is now firmly settled that any injury caused by negligence does not constitute a "deprivation" of any constitutionally protected interest. *See Collins v. City of Harker Heights*, 503 U.S. 115, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 201-02, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989); *Daniels v. Williams*, 474 U.S. 327, 332, 106 S .Ct. 662, 665, 88 L. Ed. 2d 662 (1986).

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint is **dismissed** pursuant to 28 U.S.C. §1915(e) for failing to state a claim for relief, but without prejudice to any state law claims plaintiff may choose to pursue. The Court certifies that an *in forma pauperis* appeal from this judgment could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).[1]

**IT IS SO ORDERED**.

Dated: October 28, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."